IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA

TERRI LAWRENCE,

    Plaintiff,

v.                                    Docket No.:  2:20-CV-37 (Kleeh)

JASON W. LAMBERT,
MASTEC, INC., and
PRECISION PIPELINE, LLC,

    Defendants.

ELECTRONICALLY FILED
Aug 31 2020
U.S. DISTRICT COURT
Northern District of WV

## COMPLAINT

**NOW COMES** the Plaintiff Terri Lawrence, by counsel Dino S. Colombo and Kala L. Sowers, and brings this complaint against the Defendants Jason Lambert, MasTec, Inc. and Precision Pipeline, LLC, and hereby states as follows:

### JURISDICTION AND VENUE

1. At all times relevant hereto, Plaintiff Terri Lawrence maintained her principal residence at 1343 Laneville Road, Dryfork, Tucker County, West Virginia.

2. Upon information and belief, at all times relevant hereto, Defendant Jason W. Lambert ("Defendant Lambert") was a resident of 679 Kirsey Road, Murray Kentucky 42071.

3. Upon information and belief, at all times relevant hereto, Defendant MasTec, Inc. ("Defendant MasTec") was a non-profit, infrastructure construction company organized under Florida state law, with its principal place of business at 800 S. Douglas Rd., Coral Gables, Florida 33134; and which did business in the state of West Virginia with office locations in Huntington (Cabell County) and Danville (Boone County), West Virginia.

1

4. Upon information and belief, at all times relevant hereto, Defendant Precision Pipeline, LLC ("Defendant Precision") was an oil and gas pipeline contractor, which was recently acquired by Defendant MasTec, and which was organized under Wisconsin state law, with its principal place of business at 3314 56th St., Eau Claire, Wisconsin 54703-6332; and, which did business within the state of West Virginia with an office location in Salem, Harrison County, West Virginia.

5. The incident that gives rise to this civil action occurred at the intersection of Center Avenue and East 2nd Street, in Weston, Lewis County, West Virginia.

6. Based on the foregoing, the United States District Court for the Northern District of West Virginia has personal and subject matter jurisdiction over the civil action initiated by this Complaint.

## GENERAL ALLEGATIONS

7. The Plaintiff incorporates each and every assertion and allegation in paragraphs one (1) through six (6) above as though fully rewritten herein, and the Plaintiff further alleges:

8. On September 8, 2018, at approximately 7:26 a.m., Terri Lawrence was lawfully crossing the street, in a crosswalk, at the intersection of East 2nd Street and Center Avenue, in Weston, Lewis County, West Virginia.

9. At or around the same time, Jason Lambert, an employee, agent, and/or servant of Defendant Precision and/or Defendant MasTec, was operating a 2018 Chevrolet Silverado pickup truck, which was owned by Defendant Precision and/or Defendant MasTec, northbound on Center Avenue, when he made a left on to East 2nd Street.

10. As Defendant Lambert made a left turn onto East 2nd Street, he negligently and carelessly failed to yield to Terri Lawrence, a pedestrian lawfully crossing the street in a crosswalk, causing him to strike Terri Lawrence with his truck.

11. As a result of this auto-pedestrian collision, Terri Lawrence suffered serious physical injuries.

### COUNT I – NEGLIGENCE AS TO JASON LAMBERT

12. The Plaintiff incorporates each and every assertion and allegation in paragraphs one (1) through eleven (11) above as though fully rewritten herein, and the Plaintiff further alleges:

13. Defendant Lambert, while in the course and scope of his employment with Defendants Precision and/or Defendant MasTec, owed a duty of reasonable care to Plaintiff Terri Lawrence to operate his vehicle in a lawful manner and abide by all federal, state, and local traffic laws.

14. Defendant Lambert breached his duty to Plaintiff Terri Lawrence by failing to yield to a pedestrian lawfully within a crosswalk in the roadway, causing him to strike Plaintiff Terri Lawrence.

15. As a direct and proximate result of Defendant Lambert's negligent and careless behavior, Terri Lawrence sustained serious physical injuries.

### COUNT II – VICARIOUS LIABILITY OF DEFENDANTS PRECISION AND MASTEC

16. The Plaintiff incorporates each and every assertion and allegation in paragraphs one (1) through fifteen (15) above as though fully rewritten herein, and the Plaintiff further alleges:

17. At the time of the auto-pedestrian collision in question, Defendant Lambert was working as an agent, employee, and/or servant of Defendant Precision and/or Defendant MasTec.

18. At the time of the collision at issue, Defendant Lambert was operating the subject 2018 Chevrolet Silverado pickup truck within the course and scope of his employment or agency with the Defendant Precision and/or Defendant MasTec.

19. As such, Defendant Precision and/or Defendant MasTec are vicariously liable for the negligent, reckless, and careless conduct of their employee, agent, and/or servant that caused Plaintiff Terri Lawrence's injuries.

**COUNT III – NEGLIGENCE OF DEFENDANTS PRECISION AND MASTEC**

20. The Plaintiff incorporates each and every assertion and allegation in paragraphs one (1) through nineteen (19) above as though fully rewritten herein, and the Plaintiff further alleges:

21. Upon information and belief at the time of the subject collision, Defendant Precision and/or Defendant MasTec provided the subject 2018 Chevrolet Silverado pickup truck to its employee, agent and/or servant, Defendant Lambert, to operate within the course and scope of his employment, agency, and/or service with Defendant Precision and/or Defendant MasTec.

22. Upon information and belief, at the time of the collision at issue, Defendant Precision and/or Defendant MasTec had control over the subject 2018 Chevrolet Silverado pickup truck, and had authority to determine who would be permitted to operate the vehicle, and for what purposes the vehicle could be operated.

23. Defendant Precision and/or Defendant MasTec had a duty to investigate the background of drivers which they hired, and to only hire drivers who were reasonably safe and competent to operate their vehicles in a safe manner. Likewise, these Defendants had a duty to only

retain drivers who had demonstrated that they could operate their vehicles in a reasonably safe manner and comply with Federal and State traffic laws.

24. Defendant Precision and/or Defendant MasTec breached the duties they owed to the Plaintiff and to the public at large by hiring and/or retaining Defendant Lambert when they knew or should have known that he would operate their vehicle in an unsafe manner and a manner which presented a risk to the Plaintiff, and to the public at large.

25. As a result of Defendant Precision and/or Defendant MasTec's breach of the duties owed to the Plaintiff, and to the public, Defendant Lambert was allowed to operate a vehicle owned by Defendant Precision and/or Defendant MasTec in an unsafe manner, and in violation of Federal and State Traffic laws which proximately caused the subject collision and caused the Plaintiff to sustain injuries.

**WHEREFORE**, The Plaintiff, requests relief from Defendants Lambert, Precision, and MasTec, including but not limited to damages caused by the conduct of the Defendants as follows: all compensatory damages recoverable under West Virginia law, including but not limited to:

    a. Past physical and emotional pain and suffering;

    b. Future physical and emotional pain and suffering;

    c. Past mental anguish, emotional distress, annoyance, and inconvenience;

    d. Future mental anguish, emotional distress, annoyance, and inconvenience

    e. Past medical expenses;

    f. Future medical expenses;

    g. Past loss of enjoyment of life;

    h. Future loss of enjoyment of life;

    i. Lost wages;

and for the costs, expenses and fees incurred in pursuit of this action and for all of the relief to which she is entitled by law, including but not limited to, pre- and post-judgment interest on all amounts, attorney's fees, any other damages in an amount to be determined by the Jury upon proper proof presented at trial, and for such other relief as this Court deems proper.

**A TRIAL BY JURY IS DEMANDED ON ALL ISSUES.**

**TERRI LAWRENCE, Plaintiff,
By Counsel,**

/s/ Kala L. Sowers
**Dino S. Colombo (WV Bar No. 5066)
Kala L. Sowers (WV Bar No. 11350)**
Colombo Law
341 Chaplin Road, 2nd Floor
Morgantown, WV 26501
(304) 599-4229